IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| WILLIE F. ROBINSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:16-CV-459-WKW |
| | ) | [WO] |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is Petitioner Willie F. Robinson's 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence, which was enhanced under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), in *United States v. Robinson*, No. 2:07-CR-312-WKW (M.D. Ala. Oct. 8, 2009). This is Robinson's first § 2255 motion, and he brings a claim under *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Welch v. United States*, 136 S. Ct. 1257 (2016). The government concurs in the motion. Based upon careful consideration of the briefing and the governing law, the court will grant Robinson's motion, vacate his sentence, and resentence him.

Pursuant to a plea agreement, in April 2008, Robinson pleaded guilty to one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). A conviction under § 922(g)(1) normally carries a sentence of not more than ten-years' imprisonment. 18 U.S.C. § 924(a)(2). However, under the ACCA,

an individual who violates § 922(g) and has three previous convictions for a violent felony, a serious drug offense, or both, is subject to a fifteen-year minimum sentence. § 924(e)(1). The ACCA defines a violent felony as any crime punishable by imprisonment for a term exceeding one year that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another"; (2) "is burglary, arson, or extortion, involves use of explosives"; or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another." § 924(e)(2)(B). These definitions of "violent felony" fall into three respective categories: (1) the elements clause; (2) the enumerated-crimes clause; and (3) and the residual clause. *See In re Sams*, 830 F.3d 1234 (11th Cir. July 26, 2016).

The presentence investigation report ("PSR") detailed that Robinson had three qualifying predicate convictions for purposes of the ACCA. Two of those convictions were for third-degree burglary under Alabama law. *See* Ala. Code § 13A-7-7(a); (PSR, at ¶ 29.) Under precedent at the time, these two convictions counted as violent felonies under the ACCA's residual clause. *See Mays v. United States*, 817 F.3d 728, 734 n.7 (11th Cir. 2016) (per curiam) (noting that, under prior precedent, a burglary conviction under a Florida statute comparable to § 13A-7-7(a) of the Alabama Code qualified as a violent felony under the residual clause (citing *United States v. Matthews*, 466 F.3d 1271, 1275–76 (11th Cir. 2006)). Robinson's third qualifying Alabama conviction was for first-degree marijuana possession,

which the sentencing court found qualified as a serious drug offense over Robinson's objection.  Based upon Robinson's status as an armed career criminal under the ACCA, Robinson's total offense level was 30, his criminal history category was VI, and his advisory guideline range was from 180 to 210 months.[1]  *See generally* U.S.S.G. §§ 4B1.4(b)(3)(B), 4B1.4(c) (2008).  He received a sentence of 210 months.

Robinson appealed his sentence on grounds that his prior conviction for first-degree marijuana possession was not a serious drug offense under the ACCA.  The Eleventh Circuit disagreed and affirmed Robinson's ACCA sentence.[2]  *See United States v. Robinson*, 583 F.3d 1292 (11th Cir. 2009).

Six years later, in *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court held that the ACCA's residual clause is unconstitutionally vague.  *Johnson* reasoned:  "[T]he indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges.  Increasing a defendant's sentence under the clause denies due process of law."  *Id.* at 2557.  And in *Welch v. United States*, 136 S. Ct. 1257

---

[1] The low-end of the range reflected the mandatory minimum sentence of 15 years' imprisonment.  § 942(e); U.S.S.G. § 5G1.1(c).

[2] The Eleventh Circuit remanded the case for correction of the written judgment, which erroneously reflected a sentence of 211 months, rather than a sentence of 210 months as orally pronounced.

3

(2016), the Supreme Court held that *Johnson* announced a new substantive rule of constitutional law that applies retroactively in cases on collateral review.

Based upon *Johnson* and *Welch*, Robinson filed this § 2255 motion. Robinson is correct that, under *Johnson* and *Welch*, his Alabama third-degree burglary convictions no longer count as predicate offenses under the ACCA's residual clause. The parties agree that without the ACCA's residual clause, Robinson is entitled to relief under *Johnson* and *Welch* because third-degree burglary under Alabama law does not qualify as a violent felony under either the ACCA's elements or enumerated-crimes clauses. That agreement, at least as confined to an initial § 2255 motion such as Robinson's, finds support in Eleventh Circuit precedent.

In *Mays*, the Eleventh Circuit concluded that "[t]he elements clause clearly is inapplicable" to third-degree burglary convictions under § 13A-7-7 of the Alabama Code. 817 F.3d at 733 n.5; *see also United States v. Nelson*, 813 F.3d 981 (11th Cir. 2015) (holding that Alabama's third-degree burglary statute does not include an element of physical force as required to qualify as a violent felony under the ACCA's elements clause).[3] *Mays* also reiterated its prior holding that, under *Descamps v. United States*, 133 S. Ct. 2276 (2013), "a conviction for third degree burglary cannot qualify as a violent felony under the enumerated clause because Alabama Code

---

[3] The third-degree burglary statute at issue in *Mays* and *Nelson* is the same one that was in effect when Robinson was convicted.

§ 13A-7-7 is an indivisible, non-generic statute." *Mays*, 817 F.3d at 733 (citing *United States v. Howard*, 742 F.3d 1334, 1348–49 (11th Cir. 2014)). And, importantly, the *Mays* court held that *Descamps* applies retroactively "in the first post-conviction context." *Id.* at 730.

*Descamps* was decided after Robinson's conviction and sentence became final; however, it applies retroactively because this is Robinson's first § 2255 motion. Based upon the forgoing authority, § 924(e)(2)(B)'s elements clause and enumerated-crimes clause do not apply to Robinson's Alabama third-degree burglary convictions and cannot be used to enhance Robinson's sentence under the ACCA. Robinson is, thus, no longer an armed career criminal under the ACCA.

Because Robinson does not have three qualifying predicate offenses under the ACCA, his sentence enhancement under the ACCA is illegal. Robinson's § 2255 motion is due to be granted and his sentence is due to be vacated. Accordingly, it is ORDERED as follows:

(1) Robinson's 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence (Doc. # 1) is GRANTED.

(2) The sentence, entered in *United States v. Robinson*, No. 2:07-CR-312-WKW (M.D. Ala. Oct. 8, 2009), is VACATED.

(3) A resentencing hearing in *United States v. Robinson*, No. 2:07-CR-312-WKW, is set on **December 7, 2016, at 11:00 a.m.**, in courtroom 2-B of the Frank

M. Johnson, Jr. U.S. Courthouse, in Montgomery, Alabama. Robinson shall remain in custody pending resentencing. The United States Marshal is DIRECTED to arrange for Robinson's appearance at this hearing, and the Clerk of the Court is DIRECTED to provide a court reporter.

(4) The parties are directed to file briefs on or before **November 6, 2016**, addressing which version of the advisory Sentencing Guidelines governs at the resentencing hearing.[4] The parties also should provide proposed guidelines calculations under the guidelines in effect at the time of the original sentencing hearing *and* under the current guidelines. However, if the parties agree that the guidelines calculations are the same under either version of the guidelines and so state in a joint filing, then the parties need not file briefs addressing which version

---

[4] The parties should address whether 18 U.S.C. § 3742(g)(1) requires the use of the guidelines in effect at the time of Robinson's original sentencing or whether 18 U.S.C. § 3553(a)(4)(A)(ii) requires the use of the guidelines in effect at the time of resentencing. *Compare* § 3742(g)(1) (When conducting a resentencing hearing on remand, the district court "shall apply the guidelines . . . that were in effect on the date of the previous sentencing of the defendant prior to the appeal, together with any amendments thereto by any act of Congress that was in effect on such date . . . ."); *United States v. Bordon*, 421 F.3d 1202, 1207 (11th Cir. 2005) ("[T]he district court properly used the 1998 version of U.S.S.G. § 2S1.1 because that was the version of the Guidelines in effect on the date of the Bordons' previous sentencing, prior to their first and second appeals."), *with* § 3553(a)(4)(A)(ii) (providing that, in fashioning a sentence, the district court should consider the guidelines, "except as provided in section 3742(g), [that] are in effect on the date the defendant is sentenced"); *United States v. Tidwell*, 827 F.3d 761, 764 (8th Cir. 2016) (holding that when the resentencing hearing is not based on a remand, but rather on a *de novo* resentencing under § 2255, the district court "applie[s] the guidelines in effect at the time of resentencing, not at the time of the original sentencing," pursuant to § 3553(a)(4)(A)(ii)); and U.S.S.G. § 1B1.11(a) ("The court shall use the Guidelines Manual in effect on the date that the defendant is sentenced.").

of the Guidelines applies and should provide proposed guidelines calculations only under the guidelines that will be in effect on the date of resentencing.

(5) The deadlines in Federal Rule of Criminal Procedure 32 are modified to expedite the resentencing hearing. The United States Probation Office shall prepare an addendum to the PSR, which includes information on Robinson's post-conviction conduct, and shall disclose the addendum to Defendant, counsel for Defendant, the Government, and the court on or before **November 16, 2016**. Any objections to the PSR addendum shall be filed under seal within seven days of the addendum's disclosure.

(6) The Clerk of the Court is DIRECTED to file this Memorandum Opinion and Order, along with the accompanying Final Judgment, in *United States v. Robinson*, 2:07-CR-312-WKW (M.D. Ala.).

(7) The Clerk of the Court is DIRECTED to furnish copies of this Order to counsel, to the United States Probation Office, and to the United States Marshal.

An appropriate judgment will be entered.

DONE this 21st day of October, 2016.

                                             /s/ W. Keith Watkins
                                  CHIEF UNITED STATES DISTRICT JUDGE